**Diane D. HASTINGS, Plaintiff Below, Appellee,**

v.

**Stephen M. BACKES and W. B. Frylings, Defendants Below, Appellants.**

Superior Court of Delaware, New Castle.

March 13, 1970.

Jack Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Dennis A. Reardon, of Becker, Kipp & Reardon, Wilmington, for defendants.

STIFTEL, President Judge.

Plaintiff thought the defendant driver, Stephen M. Backes, was going to turn right off U. S. Route 13A into County Route 485 because his right rear blinkers were active. Defendant says this was a defect in the mechanism, that he intended to turn left instead of right and that his front left blinkers were active at the same time his right rear blinkers were active. Apparently there was one automobile driver immediately in front of the plaintiff who had already gone by the Backes truck. Plaintiff merely followed; and when she got into the intersection, the two vehicles collided because defendant went left instead of right.

There is no doubt but that the young seventeen year old defendant driver failed to keep an effective lookout before he made his left hand turn. The question is whether plaintiff was contributorily negligent because it is claimed she violated 21 Del.C. § 4119(a) (2) * in attempting to pass a vehicle going in the same direction within 100 feet of an intersection.

---

\* 21 Del.C. § 4119(a) (2) reads as follows:
"(a) No vehicle shall at any time be driven on the left side of the roadway under the following conditions:

Plaintiff had a right to rely on the blinking turn signal which indicated a right turn. She was not in reality passing the vehicle but merely going around it, as the previous vehicle had done. She had no reason to anticipate that he would turn as he did. § 4119(a) was not enacted to prevent the type of accident which occurred here. This kind of accident could have occurred along any portion of the road where private driveways intersected. The only proximate cause of this accident was defendant driver's failure to look before he turned.

Since defendant driver was admittedly in the course of his employment at the time of the accident, his employer, Wilbur B. Frylings, is liable.

In any event, the owner is responsible for the malfunctioning of the signal lamps since he failed to submit evidence on recent inspection.

Judgment for plaintiff in the amount of $737.85 plus interest and costs.

So ordered.

. \*        \*        \*        \*        \*

"(2) When approaching within 100 feet of or traversing any intersection
\* \* \*."